PER CURIAM
The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent filed a frivolous *511 claim, presented a request for a temporary restraining order in an improper fashion, and misused his client trust account, which resulted in the commingling and conversion of client funds. Following the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline in which respondent admitted that his conduct violated Rules 1.5, 3.1, 3.3, and 8.4(a)(c)(d) of the Rules of Professional Conduct. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that James Casey Fos, Louisiana Bar Roll number 21280, be suspended from the practice of law for a period of three years. It is further ordered that respondent make full restitution to his victims.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Clark, J., would reject consent discipline and order disbarment for the reasons assigned by Justice Crichton.
CRICHTON, J., would reject consent discipline, order disbarment, and assigns reasons:
I would reject the petition for consent discipline, as I find respondent's serious misconduct warrants disbarment. More specifically, this case involves a substantial aggravating factor in that there has been zero restitution during the three-year time span between the misconduct and the instant petition for consent discipline. See generally Louisiana State Bar Ass'n v. Hinrichs , 486 So.2d 116 (La. 1986).